IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLYDE D. H., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) No. 22 C 5055 |
| | ) |
| MARTIN J. O'MALLEY, | ) Magistrate Judge Finnegan |
| Commissioner of Social Security,[1] | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Plaintiff Clyde D. H. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and filed cross-motions for summary judgment. After careful review of the record and the parties' respective arguments, the Court now grants the Commissioner's motion.

## BACKGROUND

Plaintiff protectively applied for SSI on January 14, 2020, alleging disability since December 1, 2019 due to a speech impediment, comprehension problems, and a learning disability. (R. 78, 195). Born in November 1989, Plaintiff was 30 years old as of the application date (R. 191), making him a younger person. 20 C.F.R. § 416.963(c). He has a GED and lives in a house with his girlfriend and her six kids. (R. 20, 196). Plaintiff worked sporadically between May 2015 and September 2017, holding jobs as a

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. He is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

babysitter, thrift store custodian, and customer service worker for a donut shop. (R. 196). In 2020, he applied for unemployment insurance but did not receive any benefits (R. 176), and on February 2, 2021, he was classified as a "New Hire" by Select a Service. (R. 176). Though these efforts reflect that Plaintiff was actively seeking employment, he did not engage in any substantial gainful activity after the January 2020 application date. (R. 80-81).

The Social Security Administration denied Plaintiff's application initially on August 3, 2020, and again upon reconsideration on June 28, 2021. (R. 43-74). Plaintiff filed a timely request for a hearing and appeared before administrative law judge Laurie Wardell (the "ALJ") on October 29, 2021.[2] (R. 17). The ALJ heard testimony from Plaintiff, who was represented by counsel, and from vocational expert Richard Turner (the "VE"). (R. 19-42). On January 4, 2022, the ALJ found that Plaintiff's attention deficit disorder, speech impairment, depression, anxiety, oppositional defiance disorder, history of intellectual disability, and antisocial personality disorder are severe impairments, but that they do not alone or in combination meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 81-86).

After reviewing the evidence, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with a variety of non-exertional limitations to address his mental impairments. (R. 18-23). The ALJ accepted the VE's testimony that a person with Plaintiff's background and this RFC could perform a significant number of jobs available in the national economy, including Industrial Sweeper/Cleaner, Floor Waxer, or Hand Packager. (R. 93). As a result, the

---

[2] The hearing was held telephonically due to the COVID-19 pandemic.

ALJ concluded that Plaintiff was not disabled at any time from the application date through the date of the decision. (R. 94). The Appeals Council denied Plaintiff's request for review on July 20, 2022. (R. 1-5). That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

Plaintiff does not challenge most aspects of the ALJ's decision, including the identification of severe and non-severe impairments, the Listing analysis, and the assessment of the testimonial evidence from Plaintiff, his girlfriend, and the VE. All of these arguments have been waived. *Jeske v. Saul*, 955 F.3d 583, 597 (7th Cir. 2020). In support of his request for remand, Plaintiff argues that the ALJ made a flawed RFC determination that was based on an improper analysis of the opinion evidence of record. For reasons discussed in this opinion, the Court finds that the ALJ's decision is supported by substantial evidence.

## DISCUSSION

**A.     Standard of Review**

A claimant is disabled within the meaning of the Social Security Act if he is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing whether: "(1) the claimant is presently employed; (2) the claimant has a severe impairment or a

combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves [her] unable to perform [her] past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021); *see also Melvin J. v. Kijakazi*, No. 20 C 3284, 2022 WL 2952819, at *2 (N.D. Ill. July 26, 2022) (citing 20 C.F.R. § 416.920(a)). If the claimant meets his burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Butler*, 4 F.4th at 501.

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand terms," an ALJ must build a "logical bridge from the evidence to his conclusion."); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

**B.     Analysis**

Plaintiff argues that the case must be remanded because the ALJ made a flawed RFC determination that was based on an improper analysis of the opinion evidence of record. A claimant's RFC is the maximum work that he can perform despite any limitations. 20 C.F.R. § 416.945(a)(1); SSR 96-8p. "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Anna-Marie L. v. Kijakazi*, No. 21 C 50354, 2022 WL 4610120, at *2 (N.D. Ill. Sept. 30, 2022) (quoting *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012)). *See also* 20 C.F.R. § 416.927(f)(2).

The ALJ determined that Plaintiff is capable of performing: simple, routine and repetitive tasks involving simple workplace decisions and no more than occasional changes to the routine work setting. (R. 86). Plaintiff cannot have any interaction with the public, can only occasionally interact with coworkers and supervisors, needs oral or very simple written instructions, and needs a one-to-two minute break every hour to refocus while remaining at the work station. (*Id.*). In reaching this conclusion, the ALJ provided a detailed recitation of the medical and opinion evidence of record, including: a July 20, 2020 consultative mental exam from Anna Wegierek, Psy.D.; a July 28, 2020 RFC assessment by state agency reviewer Melanie Nichols, Ph.D; a June 15, 2021 consultative mental exam from William Skoubis, Psy.D.; and a June 25, 2021 assessment from state agency reviewer Michele Womontree, Psy.D. (R. 87-92). Plaintiff objects that the ALJ ignored evidence from Dr. Wegierek supporting greater social limitations than those set out in the RFC. Plaintiff also argues that the ALJ improperly omitted a 1-2 step

5

task restriction imposed by the state agency reviewers, and failed to explain the basis for the short hourly break. (Doc. 11, at 7-10). All of these arguments fall short.

Dr. Wegierek made many observations in her July 2020 report, but Plaintiff focuses on just two comments: Plaintiff reported a history of "repeated disregard for basic human rights and rules" and "seems to have little skills to diminish his antisocial behaviors." (R. 343). Plaintiff says these statements demonstrate that he is incapable of occasional contact with supervisors and coworkers as set forth in the RFC, and objects that the ALJ committed reversible error by failing to specifically mention this portion of Dr. Wegierek's opinion. (Doc. 11, at 7-8) (citing *Rybakowski v. Colvin*, No. 13 C 6775, 2015 WL 5920743, at *6 (N.D. Ill. Oct. 8, 2015) (remanding where the ALJ ignored treating physician's opinion as to the plaintiff's ability to lift with his left arm)). This Court disagrees.

To begin, Dr. Wegierek did not provide an assessment of how Plaintiff's antisocial behaviors translate into specific workplace limitations or opine that he cannot handle occasional interactions with coworkers and supervisors. In addition, Dr. Wegierek's own notes contradict such an assessment. During the exam, Dr. Wegierek saw no evidence of any antisocial behaviors, describing Plaintiff as cooperative and appropriate with no impairment in his ability to relate to other people. (R. 340-41). Plaintiff also presented with intact mood, thought process, personal bearing, conduct, abstract thinking, insight, and judgment. (R. 88, 90-91, 34142). *See Pavlicek v. Saul*, 994 F.3d 777, 781 (7th Cir. 2021) (an ALJ may decline to credit a physician's opinion when it is "inconsistent with the physician's treatment notes."). Dr. Skoubis made similar findings in his June 2021 consultative report. (R. 88-89, 328-29). And though Plaintiff never received psychiatric care of any kind, he routinely exhibited normal behavior when seeking treatment for his

6

physical impairments. (R. 85, 90, 297, 348, 351, 402-03, 417-18, 433, 446-47, 459-60). *See Alejandrina A. v. Kijakazi*, No. 20 C 4089, 2023 WL 2539239, at *12 (N.D. Ill. Mar. 16, 2023) (citing *Karr v. Saul*, 989 F.3d 508, 512 (7th Cir. 2021)) (ALJ properly discounted treating physician's statement that was "inconsistent with other objective evidence in the record.").

Plaintiff ignores all of the normal mental findings and argues that the ALJ should have recognized and discussed the fact that Dr. Wegierek's opinion was consistent with the RFC assessments from the state agency reviewers. (Doc. 11, at 9-10) (citing *Rodney S. v. Kijakazi*, No. 20 C 1230, 2021 WL 3418858, at *16 (N.D. Ill. Aug. 5, 2021)) (ALJ erred in failing to recognize that Dr. Machizawa's opinion was consistent with and supported by Dr. Gross's opinion). Not so. Drs. Nichols and Womontree opined that despite Plaintiff's moderate difficulties in interacting with the public, accepting instructions and criticism from supervisors, and getting along with coworkers and peers, he can "complete a normal workday without interruptions from psychologically based symptoms" if given work assignments requiring no contact with the public and minimal contact with coworkers and supervisors. (R. 51-52, 69-70). The ALJ found these opinions "generally persuasive" and so limited Plaintiff to no interactions with the general public and only occasional interactions with coworkers and supervisors. (R. 86, 91). Plaintiff does not point to any physician, including Dr. Wegierek, who imposed greater restrictions on his social functioning. *Tutwiler v. Kijakazi*, 87 F.4th 853, 860 (7th Cir. 2023) ("The lack of an opposing medical opinion [imposing greater restrictions than those the ALJ found in his decision] makes it difficult for us to find that the ALJ misjudged the evidence so significantly as to warrant reversal."). *Cf. Hurley v. Berryhill*, No. 1:17-CV-421-TLS, 2018

WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018) (ALJ erred by failing to explain why he omitted state agency psychologists' recommended limitation to "superficial" interactions despite assigning the opinions great weight).

Plaintiff claims the ALJ still erred by omitting the state agency reviewers' restriction to 1-2 step tasks. (Doc. 11, at 8). This argument is not persuasive because Drs. Nichols and Womontree actually limited Plaintiff to "*at least* 1-2 step tasks." (R. 52, 70) (emphasis added). The ALJ determined that Plaintiff can do more than 1-2 step tasks because he demonstrated normal to modest deficits in memory, normal mental calculation, normal abstract thinking, normal fund of information, and normal overall intellectual functioning. (R. 91). In addition, he engages in "robust activities of daily living" such as housework, yardwork, and simple meal preparation, and he can drive for an hour at a time, take public transportation, play video games, and function outside of his home independently. (R. 85-86, 87, 91, 92). Plaintiff does not address this evidence or explain how it demonstrates an inability to perform more than 1-2 step tasks.

Plaintiff finally argues that there was no basis for the ALJ's conclusion that his attention deficits can be accommodated with a one-to-two minute break every hour to refocus while remaining at the work station. (Doc. 11, at 10). Though no physician recommended such a restriction, the ALJ included it in the RFC due to Dr. Wegierek's "diagnosis of attention deficit disorder, as well as her discussion concerning [Plaintiff's] demonstrated issues with concentration and focus throughout the consultative evaluation." (R. 90). Again, Plaintiff does not identify a physician who found him more limited, or identify what additional restrictions he requires. *Tutwiler*, 87 F.4th at 860;

8

*Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) ("It is unclear what kinds of work restrictions might address Jozefyk's limitations . . . because he hypothesizes none.").

Viewing the record as a whole, the ALJ built a logical bridge between the evidence and her conclusions about Plaintiff's mental functioning. Given the thorough discussion of Plaintiff's behavioral issues and the opinions of record, the ALJ did not err in failing to mention two specific statements from Dr. Wegierek's report. *Kinnari A. v. Saul*, No. 19 C 760, 2020 WL 1863291, at *6 (N.D. Ill. Apr. 14, 2020) (citing *Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017)) ("[T]he ALJ does not have a duty to explicitly discuss every single piece of evidence in the record as long as he builds a logical connection between the evidence and his conclusion."). Nor did the ALJ err in finding Plaintiff capable of more than 1-2 step tasks and allowing him a one-to-two minute break each hour to refocus. The ALJ provided reasonable explanations for these and all other aspects of the RFC determination, and that decision is supported by substantial evidence. *Bruno v. Saul*, 817 F. App'x 238, 241 (7th Cir. 2020) (citing *Biestek*, 139 S. Ct. at 1154) ("Substantial evidence is not a high hurdle to clear."). Plaintiff's request to remand the case for further consideration of these issues is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment [10] is denied, and the Commissioner's motion for summary judgment [12] is granted. The Clerk is directed to enter judgment in favor of the Commissioner.

9

ENTER:

Dated: December 6, 2024

_____
SHEILA FINNEGAN
United States Magistrate Judge